# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2013

No. 12-10998
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WENDI SHANTA HAYWARD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-77-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Wendi Shanta Hayward pleaded guilty to conspiracy to possess stolen mail and possession of stolen mail, and the district court imposed a total sentence of 120 months of imprisonment and concurrent terms of three years of supervised release. Hayward's pro se motion for the appointment of a new appellate attorney is DENIED. Hayward's motion to file an out of time reply to the Government's Brief is GRANTED. However, we have reviewed the merits of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10998

Hayward's pro se reply brief and for the reasons stated below, AFFIRM the district court's sentence.

Hayward argues that the district court clearly erred in holding her responsible for an intended loss of over $400,000 and that the court should have granted her a reduction in offense level for acceptance of responsibility. She contends that the court erred by rejecting her testimony that she did not intend to negotiate all of the stolen and counterfeit checks found in her apartment. The sentencing court's estimate of the amount of intended loss in this case was reasonable in light of the evidence, and does not amount to clear error. *United States v. Harris*, 597 F.3d 242, 250-51 (5th Cir. 2010).

The court rejected Hayward's sentencing testimony regarding the amount of intended loss and adopted the findings contained in the Presentence Report, including that she had falsely denied or frivolously contested relevant conduct. Thus, the court's decision to deny a reduction in offense level for acceptance of responsibility is not "without foundation." *See United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008).

AFFIRMED.